UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| WILLIAM D. HAMBY, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 3:19-CV-077-CLC-DCP |
| v. | ) | |
| NURSE SHEPPARD,[1] | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

This is a pro se prisoner's civil rights complaint for violation of 42 U.S.C. § 1983 in which Plaintiff asserts claims for deliberate indifference to his serious medical needs [Doc. 1]. Now before the Court are Plaintiff's motions to amend/supplement his complaints [Docs. 37 and 51], Defendant Nurse Sheppard's motion to dismiss [Doc. 39], and Plaintiff's motion to depose by questions [Doc. 42]. Plaintiff filed a response in opposition to the motion to dismiss [Doc. 43] and Defendant Sheppard filed a reply [Doc. 44]. Defendant Sheppard also filed a response in opposition to Plaintiff's motion to depose by questions [Doc. 42]. The Court will address these motions in turn based on the relief sought.

### I. MOTIONS TO AMEND

As set forth above, Plaintiff has filed two motions to amend/supplement his complaint [Docs. 37 and 51]. However, Plaintiff did not include a complete proposed amended complaint with these motions as this Court's local rule requires. E.D. Tenn. LR 15.1 (providing that "[a] party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the

---

[1] The Clerk will be **DIRECTED** to update the Court's docket to correct the spelling of Defendant Sheppard's name [Doc. 40 p. 1].

motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion"). Accordingly, Plaintiff's motions to amend/supplement [*id.*] are subject to denial on this ground.

Moreover, Plaintiff's motions to amend/supplement his complaint fall outside of the window for amendment of the complaint as matter of course. Fed. R. Civ. P. 15(a)(1)(A). Thus, as nothing in the record suggests that Defendant Sheppard consented to Plaintiff amending his complaint to add the claims in those motions, Plaintiff must have permission from the Court to do so. Fed. R. Civ. P. 15(a)(1)(B). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the court should deny leave to amend if the proposed amendment would be futile. *See Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).

Accordingly, even if Plaintiff's proposed additional claims were properly before the Court in a full reproduced complaint, the Court would still deny the motions, as Plaintiff's proposed additional claims fail to state a claim upon which relief may be granted under § 1983 and are therefore futile. Specifically, in his first motion to amend/supplement his complaint, Plaintiff seeks to add a claim against Dr. Ronald Higgs based on allegations that he showed Plaintiff "bogus lab reports" regarding Plaintiff's cirrhosis of his liver and a claim against William Rhude based on the allegation that this officer threatened to spray Plaintiff with pepper spray for no reason [Doc. 37 at 1–2]. However, Plaintiff sets forth no facts from which the Court can plausibly infer that Dr. Higgs knew that any lab report he showed Plaintiff regarding liver cirrhosis was bogus, or that the lab report in question was ever shown to be incorrect [*id.*]. Instead, it is apparent that Plaintiff's allegation that this lab report was wrong is based solely on his own interpretation of his medical

2

history and resulting speculation of the contents of that report [*id.*]. Thus, these allegations fail to state a claim upon which relief may be granted under § 1983. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (complaint must contain more than a statement of facts that merely creates speculation or suspicion of a legally cognizable cause of action). Further, Plaintiff's allegation that Officer Rhude threatened to spray him with pepper spray fails to allege a violation of a constitutional right. *See Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (holding that a guard's verbal threat to sexually assault an inmate "was not punishment that violated [the prisoner's] constitutional rights").

In his second motion to amend/supplement his complaint, Plaintiff asserts that on March 8, 2020, Defendant Sheppard told him that he has F4 cirrhosis, which is terminal, but denied him two medications that help that cirrhosis [Doc. 51 at 1–2]. Plaintiff also states that an ultrasound is the only way to determine cirrhosis but he has not had an ultrasound in almost two years, that Defendant Sheppard still refuses to send him to a special-needs facility despite his terminal illness, and that she said he looks healthy but also admitted that a person with a terminally ill liver can look healthy [*Id.* at 2].

These allegations do not allow the Court to plausibly infer that Defendant Sheppard has provided Plaintiff with medical care that is so woefully inadequate as to amount to no care at all, but rather suggest that Plaintiff merely disagrees with the medical care he is receiving. Thus, they fail to state a claim upon which relief may be granted under § 1983. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (providing that "[a] patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)); *but see Alspaugh v.*

3

*McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (providing that medical care that is "so woefully inadequate as to amount to no treatment at all" violates the Eighth Amendment).

As Plaintiff's motions to amend/supplement his complaint did not include a full reproduced pleading as this Court's local rules require, and as the claims therein fail to state a claim upon which relief may be granted under § 1983, those motions [Docs. 37 and 51] will be **DENIED**.

## II. MOTION TO DISMISS

In her motion to dismiss and supporting memorandum, Defendant Sheppard seeks dismissal of Plaintiff's complaint due to insufficient service of process on her and for failure to state a claim upon which relief may be granted under § 1983 [Docs. 39 and 40]. However, for the reasons set forth below, these arguments lack merit and Defendant Sheppard's motion to dismiss [Doc. 39] will be **DENIED**.

### A. Standard of Review

Rule 12(b)(6) allows a court to eliminate a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "In order to survive a 12(b)(6) motion, the plaintiff's complaint must allege facts which, if proved, would entitle plaintiff to relief." *Southeast Texas Inns, Inc. v. Prime Hosp. Corp.*, 462 F.3d 666, 671 (6th Cir. 2006). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). Courts liberally construe pro se pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Allegations

In his January 30, 2019 complaint, Plaintiff alleges that on November 30, 2018, and December 18, 2018, Defendant Sheppard told Plaintiff that he would receive treatment for hepatitis

4

c, but other nurses told him that Defendant Sheppard and former Defendant Dr. Mock did not want him to have that treatment and wanted the disease to kill him [Doc. 1 at 1–2]. Plaintiff further claims that Defendant Sheppard and former Defendant Mock pretended they would order the hepatitis c treatment for him but did not, nor did they intend to, even though they had ordered it for whites and pedophiles, and Plaintiff is non-white and not a pedophile [*Id.* at 2]. Plaintiff also states that Defendant Sheppard and former Defendant Mock failed to send him to a hospital to get a stent in his liver vein despite a sonar scan showing calcification of the portal vein in his liver [*Id.*].[2]

In her memorandum in support of her motion to dismiss, Defendant Sheppard first contests the sufficiency of service of process on her by stating that the individual who signed the summons issued for her was not her registered agent for service of process [Doc. 40 at 2, 3–4]. Defendant Sheppard also asserts that Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 because he asserts that he disagrees with the medical treatment he received [*Id.* at 2]. In support of this assertion, Defendant Sheppard claims that Plaintiff has not adequately alleged that he had a serious medical need or that she disregarded a serious risk of harm to him, points out that Plaintiff has acknowledged that he did receive successful treatment for his hepatitis c in recent filings, states that Plaintiff's claims are based on unfounded allegations of conspiracy,

---

[2] Defendant Sheppard does not address this claim in her memorandum in support of her motion to dismiss [Doc. 40]. However, under the Prison Litigation Reform Act, district courts shall, at any time, *sua sponte* dismiss any claims that fail to state a claim for relief. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). In reviewing Plaintiff's complaint for purposes of ruling on Defendant Sheppard's motion, the Court has determined that Plaintiff's allegation in his complaint that Defendant Sheppard has failed to send him to a hospital to get a stent in his liver vein despite a sonar scan showing calcification of the portal vein in his liver fails to allege a constitutional violation, as Plaintiff has not set forth any facts from which the Court can plausibly infer that he has been denied any treatment for this condition, but rather it is apparent that Plaintiff disagrees with his medical providers' decision regarding how to treat this condition. *Darrah*, 865 F.3d at 372 (providing that "[a] patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." (citing *Estelle*, 429 U.S. at 107). Thus, this claim will be **DISMISSED**.

and asserts that even if Plaintiff has alleged a delay in treatment of his hepatitis c, he has not alleged that this delay was the result of her acts [*Id.* at 4–6]. Defendant Sheppard therefore asserts the Plaintiff's claims fall under the Tennessee Healthcare Liability Act ("THCLA") and must be dismissed due to his failure to comply therewith [*Id.* at 6–9].

In his response to the motion to dismiss, Plaintiff asserts that Defendant Sheppard was served at her place of work and has hired an attorney to answer the lawsuit, acknowledges that he has now received treatment for his hepatitis c but states that he received this treatment due to court orders, and states that he still suffers from cirrhosis and his portal vein issue is not resolved [Doc. 43 at 1–2]. Plaintiff also asserts that he should be given a furlough due to his terminal cirrhosis, that he filed all required documents pursuant to the PLRA and THCLA, that Defendant Sheppard has denied him several specific medical treatments, that Defendant Sheppard is giving a medical furlough to a white inmate with a staph infection, that Defendant Sheppard tricked Jeff Foster into signing for her summons, that his serious medical needs are documented in a separate federal case, and that his wife should pay any attorney fees taxed to him [*Id*. at 2–5].

In reply, Defendant Sheppard again asserts that Plaintiff's allegations demonstrate his disagreement with the medical care he has received, rather than a denial of medical care in violation of his constitutional rights, and that Plaintiff may not add new allegations to his complaint in his response to the motion to dismiss [Doc. 44 at 2–3]. Defendant Sheppard further notes that Plaintiff is not a medical provider who can determine what medical care is needed for himself or other inmates, that the court orders to which Plaintiff refers were entered in a case where the finder of fact found that the hepatitis c treatment procedure for prisoners of the Tennessee Department of Correction did not rise to the level of deliberate indifference after trial of that claim, that she has not evaded service but rather offered to waive service, that Plaintiff has not provided any

6

documents to support his assertion that he complied with the THCLA, and that Plaintiff's allegations regarding his wife's banking accounts are inappropriate [*Id.* at 3–4].

### C. Analysis

#### 1. Insufficient Service of Process

First, Defendant Sheppard does not reconcile her previous offer to waive service of process [Doc. 34] with her current argument that service upon her was insufficient, nor does she explain why she has not filed a waiver of service of process in this action despite offering to do so. Regardless, however, her argument that this matter should be dismissed due to insufficient service of process on her is without merit.

Rule 4 of the Federal Rules of Civil Procedure permits an individual defendant to be served in accordance with state law, Fed. R. Civ. P. 4(e)(1), or by any of the following means: (a) delivering a copy of the summons and of the complaint to the individual personally; (b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2). While plaintiffs are generally responsible for service of process, Fed. R. Civ. P. 4(c)(1), the Sixth Circuit has stated as follows regarding plaintiffs proceeding *in forma pauperis*:

> Together, Rule 4(c)[3] and 28 U.S.C. § 1915[d] stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

It is apparent that Plaintiff timely took reasonable steps to identify Defendant Sheppard to the Court. Thus, the Court finds good cause to extend Plaintiff's time to effectuate service on her.

7

*Byrd*, 94 F.3d at 220; Fed. R. Civ. P. 4(m); David D. Siegel, *The New (Dec. 1, 1993) Rule 4 of the Federal Rules of Civil Procedure: Changes in Summons Service and Personal Jurisdiction,* 152 F.R.D. 249, 257 (1994) (noting that where a court finds good cause to extend the time period for service in a case where jurisdiction is not based on diversity, that finding provides a "link back to the complaint's filing, and . . . the action should be preserved as timely").

Accordingly, Defendant Sheppard's request for dismissal of this action for insufficient service of process is not well-taken and she will be **DIRECTED** to file either (1) a notice providing an address at which the United States Marshals Service ("USMS") may serve her personally in accordance with Rule 4 or (2) a waiver of service of process within seven (7) days of the date of entry of this order.

Should Defendant Sheppard choose to require personal service by filing an address under seal instead of a waiver of service of process, the Clerk will be **DIRECTED** to have the USMS personally serve her with a copy of the complaint and summons at the address she provides. Also, the Clerk is **DIRECTED** to charge Defendant Sheppard for all costs associated with this service of process, if it is necessary.

### 2. Hepatitis Treatment Claim

Defendant Sheppard's allegation that Plaintiff's complaint fails to adequately allege a violation of the Eighth Amendment with regard to the denial of hepatitis c treatment is also without merit. A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). Prison medical personnel or officials may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed." *Id.* at 104–05. Establishing the deprivation of a federal right in the Eighth Amendment medical context requires evidence that

acts or omissions of an individual operating under the color of state law were "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Thus, "[a] constitutional claim for denial of medical care has [both] objective and subjective components." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).

The objective component requires proof that the inmate is suffering from a sufficiently serious medical need, such that "he [was] incarcerated under conditions posing a substantial risk of serious harm." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To be sufficiently serious, the medical need must be either (1) obvious to a layperson or (2) a condition diagnosed by a physician. *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991).

The subjective component requires proof that the prison official acted with deliberate indifference. *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005), *abrogated on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). Deliberate indifference is more than mere negligence and requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839–40). To meet this subjective standard, the defendant must have: (1) "perceived the facts from which to infer substantial risk to the prisoner," (2) "draw[n] the inference;" and (3) "then disregarded that risk." *Id.* at 591 (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

The Court can plausibly infer from Plaintiff's complaint that he had been diagnosed with hepatitis c and Plaintiff therefore adequately alleges that he had a serious medical need. Moreover, making all reasonable inferences in Plaintiff's favor, as the Court is required to do at this point, Plaintiff alleges that Defendant Sheppard intentionally did not timely provide him with treatment

9

for his hepatitis c despite knowing that Plaintiff needed such treatment. Thus, Defendant Sheppard is not entitled to dismissal on this ground.

### III. MOTION TO DEPOSE BY QUESTIONS

As set forth above, Plaintiff has also filed a motion to depose Defendant Sheppard by questions [Doc. 42]. Defendant Sheppard filed a response opposing this motion because her motion to dismiss is pending [Doc. 47]. However, as Defendant Sheppard's motion to will be denied for the reasons set forth above, Plaintiff's motion to depose Defendant Nurse Shepard by questions [Doc. 42] will be **GRANTED** to the extent that Defendant Shepard will be **ORDERED** to respond thereto within thirty (30) days of entry of this order.

### IV. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to update the Court's docket to correct the spelling of Defendant Sheppard's name;

2. Plaintiff's motions to amend [Docs. 37 and 51] are **DENIED**;

3. Plaintiff's claim arising out of Defendant Sheppard's failure to send him to a hospital for placement of a stent in his liver vein is **DISMISSED** because it fails to state a claim upon which relief may be granted under § 1983;

4. Defendant Sheppard is **DIRECTED** to file either (1) a notice providing an address at which the USMS may serve her personally in accordance with Rule 4 or (2) a waiver of service of process within seven (7) days of the date of entry of this order;

5. Should Defendant Sheppard choose to require personal service by filing an address under seal instead of a waiver of service of process, the Clerk is **DIRECTED** to have the USMS personally serve her with a copy of the complaint and summons at the address she provides. Also, the Clerk is **DIRECTED** to charge Defendant Sheppard for all costs associated with this service of process, if it is necessary;

6. Defendant Sheppard's motion to dismiss [Doc. 39] is **DENIED**;

7. Plaintiff's motion to depose Defendant Shepard by questions [Doc. 42] is **GRANTED** to the extent that Defendant Shepard is **ORDERED** to respond thereto within thirty (30) days of entry of this order; and

10

8. Plaintiff is **ORDERED** to immediately inform the Court and Defendant or her counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**